[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this petition for habeas corpus, Gerald T. Moyher, the petitioner, claims that he was deprived of due process of law in a prison disciplinary hearing. As a result of the hearing, the petitioner was deprived of thirty days of "good time."
The respondent has conceded that a disciplinary report relied on in the decision to cancel the petitioner's time credit contained factual errors which the court finds might potentially affect the outcome of the proceeding.
Accordingly, the petition is granted.
The remedy for a denial of due process at a disciplinary hearing is not limited, as the petitioner argues, to discharge from custody. Where the alleged illegality is a denial of due process, provision of adequate process is a more appropriate remedy. Gaines v. Manson, 194 Conn. 570 (1984). Accordingly, the respondent is ordered to hold a new hearing that comports with due process. Since it is not possible to determine whether the faulty evidence so infected the original hearing that the finding would have been different, the court does not restore the petitioner's good time but leaves that matter to a determination at the new hearing.
The petitioner has calculated that if he prevailed at a new hearing his release date would be July 25, 1990, and for that reason he has requested that the relief provided include an order that the new hearing should take place on July 25, 1990 so that the total time of his incarceration will not be prolonged. The CT Page 735 state has concurred in that request.
In accordance with the petitioner's request for an effective remedy, the court orders that the hearing be held on July 25, 1990, unless the petitioner or the person who serves as his advocate at the hearing requests otherwise, in which case the hearing shall take place by 5:00 P.M. on Thursday, July 26, 1990.
BEVERLY J. HODGSON, JUDGE